United States District Court
Southern District of Texas
**ENTERED**
June 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN CARLOS SUAREZ, § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Case No. 4:24-cv-3056 |
| § | |
| CARRINGTON MORTGAGES § | |
| SERVICES, LLC, § | |
| *Defendant*. § | |

## JUDGE DENA PALERMO'S
## REPORT AND RECOMMENDATION[1]

Plaintiff, represented by counsel, filed a complaint, initiating this lawsuit in state court on August 2, 2024, and Defendant removed the case based on diversity jurisdiction on August 15, 2024. ECF No. 1. Defendant filed a motion for summary judgment on May 6, 2025. ECF No. 16. When Plaintiff failed to respond, the Court ordered Plaintiff to respond by June 11, 2025. ECF No. 17. Throughout this case, Plaintiff has not complied with the Court's directives. Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

This is a mortgage foreclosure case. ECF No. 1. Plaintiff filed suit in state court, seeking to enjoin foreclosure of real property. ECF No. 1. Defendant removed the case based on diversity jurisdiction. ECF No. 1. Since removal, Plaintiff has struggled to

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 5.

1

prosecute his case. Plaintiff did not participate in conferring and filing the joint discovery/case management plan. ECF No. 9. At the initial conference after a late appearance, the Court admonished Plaintiff's counsel that failure to participate in this case could result in dismissal of Plaintiff's claims. ECF No. 11. On May 6, 2025, Defendant filed a motion for summary judgment, arguing that Plaintiff has no valid claim to a community property interest in the real property and has no valid right of action under a federal foreclosure moratorium. ECF No. 16. Plaintiff's response was due on May 27, 2025. When Plaintiff failed to respond, the Court ordered Plaintiff to respond by June 11, 2025. ECF No. 17. In the order, the Court warned Plaintiff that failure to respond to the motion for summary judgment may result in his case being dismissed for want of prosecution. ECF No. 17. To date, Plaintiff has not responded. Plaintiff has not filed anything since removal.

## II.   PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent

power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))).[2]

Generally, a dismissal for want of prosecution is without prejudice. *Castillo*, 2022 WL 5264612, at *3 (citing *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendants were prejudiced because of the delay, or (3) the delay is intentional.

---

[2] The decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Lancon v. Stafflink, Inc.*, No. Civil Action H-18-2051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Link,* 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

*Lancon*, 2019 WL 1046951, at *2 (*Papasan,* 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

In the six weeks since Defendant filed the motion for summary judgment, Plaintiff has not filed a response despite the Court's order to do so. Plaintiff has failed to meaningfully participate in this case since removal—failing to engage in the joint discovery/case management plan and conferences before the Court. ECF Nos. 9, 11. Plaintiff has not taken any action to prosecute his case since removal on August 15, 2025, six months prior. ECF No. 1. These facts constitute a clear record of delay Plaintiff's failure to prosecute this case. *Castillo*, 2022 WL 5264612, at *2 ("Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.") (citing *Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019), *adopted*, 2019 WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (dismissal warranted where the plaintiff failed to comply with court orders, failed to respond to the motion to dismiss, and did not appear at a scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2

(S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same)).

The Court unsuccessfully admonished Plaintiff, a lesser sanction. ECF Nos. 11, 17. In the orders discussed above, the Court warned Plaintiff that his failure to participate in the case and respond to the motion for summary judgment may result in the case being dismissed for lack of prosecution. ECF Nos. 11, 17. The Court also extended Plaintiff's deadline to respond to the motion, permitting Plaintiff over six weeks to respond—again, futile efforts. The Court is not convinced that monetary sanctions would have any effect. *See Lancon*, 2019 WL 1046951, at *3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiff has abandoned his suit.[3]

Nonetheless, the Court recommends that Plaintiff's case be dismissed without prejudice. There is an insufficient record to find that the delay is the result of Plaintiff's actions or inactions, Defendant was actually prejudiced, or the delay was intentional. *See Lancon*, 2019 WL 1046951, at *2. The duties enumerated in the Court's order: participate in the joint discovery/case management plan and conferences and respond

---

[3] At the last conference on March 12, 2025, Plaintiff's counsel advised the Court that Plaintiff wanted to repay the loan and resolve the dispute by selling the property, but has been unsuccessful in selling it. At that point, the property had been listed on the market for more than 200 days. Since that hearing, Plaintiff has not taken any action in this case.

to the motion for summary judgment fall on Plaintiff's counsel's shoulders. There is no evidence that these failures are due to Plaintiff's refusal to communicate with counsel. Further, there is no evidence that Defendant has been prejudiced—Defendant has not expressed any such prejudice. Finally, the Court cannot say that the delay is intentional on the current record. On this record, dismissal with prejudice is not appropriate. Accordingly, the Court recommends dismissing this case without prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See Castillo*, 2022 WL 5264612, at *2.

### III.  CONCLUSION

The Court **RECOMMENDS** that this lawsuit be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 16, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**